## ZACHARIAH ELLIOTT *v.* W. T. FINCH'S ADMR.

**Vendor and Purchaser—Accounting for Waste—Rescission of Contract of Purchase.**

In a suit to enforce a purchase money lein, where the vendor fails to make or offer to make a good and valid deed of conveyance, and the vendees demand and secure a rescission, of the contract of purchase, they having gone into possession of the property at the time of the executory sale, they must be held for waste committed, rents and profits, while the property was retained by them, subject to an allowance for permanent and lasting improvements to the extent of ameliorations at the time of the return of the property.

**Specific Performance—Vendor and Purchaser—Duty to Pay off Existing Lien by Vendee. .**

It is not the duty of a vendee to seek out and discharge an existing mortgage on lands purchased from the vendor, though there may be due to the vendor an amount equal to the amount of such mortgage. The vendor must tender a deed free from incumbrance, before he can enforce a specific performance of contract with his vendee.

APPEAL FROM BALLARD CIRCUIT COURT.

May 22, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

Although the action was brought in ordinary, and the collection of the debt sought to be coerced by attachment, afterwards it was transferred to equity. And by an amended petition a lien was claimed on a tract of land for the debt, and its enforcement sought to satisfy the same; but it is not alleged in any of the pleadings, that appellant, who is the vendor, had made to his vendees a title to the land contracted' to be sold to them, nor that he was able, willing, and had offered to make the conveyance. He was not, therefore, entitled to the relief sought, as has been repeatedly decided by this court by an enforcement of his lien and a sale of the land. But if the petition had contained the necessary allegations it appears in the record that he had no such title to the land, as his vendee was bound to accept. A considerable part of the purchase price was due and unpaid to the vendor, and besides he had further incumbered it with a mortgage for a large debt, comparatively to the value of the land, and while it may be true that appellant's vendees owed him more than enough purchase money to pay the mortgage and remove all liens, still it was not their duty to hunt up his creditors, and negotiate and satisfy their claims, and afterwards adjust them with him, with or without litigation as the parties might, or not, agree. No error is, therefore, perceived in setting aside the contract of sale. But it appears that appellees took possession of the lands and mills very soon after they purchased, in the summer of 1859, and retained them until the rendition of the judgment complained of; indeed, it is not shown that they have not the possesison even at this time, and by the judgment they are not required to account for rents, use, waste or profits, for any time that they had the use of the property. Appellant sought by motion to have a receiver appointed to take charge of the property, but his motion was at first successfully resisted, and although at a later period upon a renewal of the motion, it prevailed, yet it does not appear that the purchasers surrendered it to the receiver.

Upon the recission of the contract the parties should be placed as nearly *in statu quo* as they can be, and in order to do that, appellees should have been required to account for rents and profits, and for waste committed while they retained possession of the property, and been allowed for all permanent, and lasting

improvements made by them to the extent of ameliorations at the time the premises were returned.

For the failure to take an account between the parties as herein suggested the judgment is *reversed,* and the cause remanded for further proceedings in accordance herewith.

*Bullock, for appellant.*